Nancy Maren **CROTEAU** and Raymond Nelson Croteau, as parents and next friends of Julie Croteau, Plaintiffs,

v.

Rick **FAIR**, in his individual capacity and in his official capacity as teacher and head varsity baseball coach of Osbourn Park Senior High School, and Jack Lynch, in his individual capacity and in his official capacity as principal of Osbourn Park Senior High School, and Edward Kelly, Superintendent of Prince William County Schools, and The Prince William County School Board, Defendants.

No. Civ. A. 88–0294–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 28, 1988.

Nancy Maren Croteau, Raymond Nelson Croteau and Julie Croteau, Manassas, Va., pro se.

Joseph Dyer, Fairfax, Va., for defendants.

## ORDER

ELLIS, District Judge.

Plaintiff is a seventeen year old senior at Osbourn Park Senior High School. On February 20, 1988, she "tried out" for the School's varsity baseball team, which has never before had a female participant. She successfully passed the first "cut." On March 4, 1988, however, plaintiff was cut from the team by defendant Rick Fair, the varsity baseball coach, with the advice and concurrence of Posey Howell, the junior varsity baseball coach. Plaintiff asserts that she was qualified to play for the team, but was cut because she is a female. She brought this suit by her parents and next friends, on March 14, 1988, asserting that she was discriminated against because of her sex, in violation of (i) the Fourteenth Amendment, (ii) Title 42 U.S.C. § 1983, (iii) Section 11 Art. 1 of the Virginia Constitution, and (iv) Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681 et seq.). Plaintiff seeks preliminary and permanent injunctive relief, compensatory damages in the amount of $100,000, and attorneys' fees.

This matter came before the Court initially on plaintiff's motion for a temporary restraining order. By Order dated March 21, 1988, this Court denied plaintiff's motion and, in lieu thereof, scheduled a full hearing on plaintiff's Complaint for Tuesday, March 22, 1988.[1] During this hearing, at the close of plaintiff's evidence, defendants moved for a dismissal of the Complaint pursuant to Rule 41(b), Fed.R.Civ.P., on the ground that upon the facts and the law plaintiff had shown no right to relief. Based on the findings of fact and conclusions of law stated from the bench, it is hereby ORDERED:

That defendant's motion to dismiss the Complaint is GRANTED.

■ In sex discrimination cases brought under the Fourteenth Amendment, plaintiff must demonstrate that the discrimination was intentional. *Mescall v. Burrus*, 603 F.2d 1266, 1271 (7th Cir.1979). Discriminatory intent can be measured by considering the following four factors: (1) the historical background of the decision; (2) the specific sequence of events; (3) the departure from normal procedures; and (4)

---

1. In the March 21 Order, the Court dismissed plaintiff's Title IX claim pursuant to Rule 56, Fed.R.Civ.P. *See Grove City College v. Bell*, 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984). Since the *Grove City* ruling, however, Congress has passed, the President has vetoed, and Congress has overridden the veto on a bill that may, at least in part, overrule *Grove City*. Even assuming, *arguendo*, the applicability of Title IX, no relief is warranted in light of the Court's finding that the decision to cut plaintiff was not infected by gender bias.

contemporary statements by the individual(s) making the decision. *Johnson v. Brelje,* 521 F.Supp. 723, 729 (N.D.Ill.1981) (citing *Arlington Heights v. Metropolitan Housing Corp.,* 429 U.S. 252, 267, 97 S.Ct. 555, 564, 50 L.Ed.2d 450 (1977)). Plaintiff need only show, however, "that the underlying discriminatory purpose is a motivating factor; in need not be the sole, or even the dominant factor." *Johnson v. Brelje,* 521 F.Supp. 723, 729 (N.D.Ill.1981).

■ Here, plaintiff has failed to prove that the decision to cut her from the varsity baseball team was tainted or motivated, in whole or in part, by gender bias.[2] Rather, the Court is convinced that plaintiff received a fair tryout and that the decision to cut her was made in good faith and for reasons unrelated to gender.

It is important to note that the law's mandate of equality does not dictate a disregard of differences in talents and abilities among individuals. As the Court noted from the bench, there is no constitutional or statutory right to play any position on any athletic team. Instead, there is only the right to compete for such a position on equal terms and to be free from sex discrimination in state action. Plaintiff was afforded this right.

Yet the principle for which plaintiff contended in this case—the right to be free from state action infected by gender bias—is valid and fundamental. She was surely correct in insisting upon this principle. The Court concludes, however, that it was not violated in this case.[3]

Given the Court's finding that no gender discrimination occurred here, all causes of action in plaintiff's Complaint (*i.e.,* Fourteenth Amendment claim, Title 42 U.S.C. § 1983 claim, and Va. Const. Art. 1, § 11

claim) should be and are dismissed. The parties shall bear their own costs.

The Clerk is directed to send copies of this Order to all counsel of record.

---

2. Plaintiff argued that once unlawful gender discrimination is established, the burden of proof shifts to defendants, who must then prove that plaintiff would have been cut from the team notwithstanding any gender discrimination. *See Smallwood v. United Airlines, Inc.,* 728 F.2d 614, 620 (4th Cir.1984). The Court, however, does not reach this "burden shifting" because it finds that sex discrimination was not a factor in the decision to cut plaintiff from the team.

3. Although there was no persuasive evidence here of discrimination, there was abundant evidence, accepted by the Court, that plaintiff is a fine athlete and a dedicated baseball player. But the competition for a place on the Osbourn Park varsity team was keen. For reasons wholly unrelated to gender, plaintiff did not succeed. The Court notes, however, that plaintiff's ability, industry and determination promise that in the future she will succeed more often that not in whatever endeavors she undertakes.